

FILED
U.S. Department of Justice
DISTRICT OF MARYLAND

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Paul E. Budlow
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4917
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
Paul.Budlow@usdoj.gov

July 11, 2012

Brendan Hurson, Esquire
Office of the Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

> Re:   United States v. Johnny Daniel Duran
> Criminal No. RDB-12-0221

Dear Mr. Hurson:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on July 27, 2012, at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.     The Defendant agrees to plead guilty pursuant to Count One of the Indictment now pending against him which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.     That on or about April 12, 2012, in Maryland, the Defendant

knowingly possessed and accessed a visual depiction with intent to view;

        b.     That the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

        c.     That the visual depiction was of one or minors engaged in sexually explicit conduct; and

        d.     That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

## Penalties

3.    (a) The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: because the defendant has a prior conviction under Maryland law relating to the distribution of child pornography, a minimum of ten (10) years imprisonment and a maximum of twenty (20) years imprisonment, a $250,000 fine and supervised release for life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

        (b)     The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he
surrenders certain rights as outlined below:

a.     If the Defendant had persisted in his plea of not guilty, he would
have had the right to a speedy jury trial with the close assistance of competent counsel. That trial
could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all
agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of
twelve individuals selected from the community. Counsel and the Defendant would have the
opportunity to challenge prospective jurors who demonstrated bias or who were otherwise
unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.
All twelve jurors would have to agree unanimously before the Defendant could be found guilty of
any count. The jury would be instructed that the Defendant was presumed to be innocent, and
that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the government would have the
burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have
the right to confront and cross-examine the government's witnesses. The Defendant would not
have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call
witnesses in his defense, however, he would have the subpoena power of the Court to compel the
witnesses to attend.

d.     The Defendant would have the right to testify in his own defense if
he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court
could instruct the jury that they could not draw any adverse inference from his decision not to
testify.

e.     If the Defendant were found guilty after a trial, he would have the
right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of
evidence to see if any errors were committed which would require a new trial or dismissal of the
charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal
the verdict and the Court's decisions.

f.     By pleading guilty, the Defendant will be giving up all of these
rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal"
paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he
may have to answer the Court's questions both about the rights he is giving up and about the
facts of his case. Any statements the Defendant makes during such a hearing would not be
admissible against him during a trial except in a criminal proceeding for perjury or false
statement.

3

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a.      The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1).

b.      Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12). (Subtotal: 20).

c.      Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution. (Subtotal: 22).

d.      Pursuant to U.S.S.G. § 2G2.2(b)(4), there is a four (4) level increase because the offense material that portrays sadistic or masochistic conduct or other depictions of violence. (Subtotal: 26).

e.      Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. (Subtotal: 28).

f.      Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved 600 or more images. (Subtotal: 33).

g.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c)  gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Thus, the final anticipated base offense level is **30**.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will recommend a sentence at the low end of the guidelines as determined by the Court.

10.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Restitution

11.      For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the

medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Forfeiture

12.     Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on April 12, 2012. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to:

a.     Toshiba Satellite laptop computer, L455D-S5976, S/N : 99482444K;

b.     Hitachi 250 GB laptop hard drive: , Model: HTS543225L9SA00, S/N: 090911FB2F00YLJ14YUA; and

c.     T-Mobile Cell Phone, S/N: HT05KPS02336, IMEI: 351810040092634.

## Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.  In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.  Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.  As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.  The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Agreement Does Not Cover Production of Child Pornography
## Or Sexual Activity with a Minor

15.      The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media.  Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

## Court Not a Party

16.      The Defendant expressly understands that the Court is not a party to this agreement.  In the federal system, the sentence to be imposed is within the sole discretion of the Court.  In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.  The Defendant understands

that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## **Entire Agreement**

17.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Paul E. Budlow
Assistant United States Attorney

8

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9/5/12
Date

Johnny Daniel Duran


I am Johnny Daniel Duran's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/5/12
Date

Brendan Hurson, Esquire

9

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that the following facts are true and that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Johnny Daniel Duran ("DURAN"), age 34, is a resident of Hagerstown, Maryland. DURAN was convicted of Distribution of Child Pornography under Maryland Criminal Law Article, 11-207(a)(4), in the Circuit Court for Frederick County, and on April 16, 2006, **DURAN,** was sentenced to 5 years imprisonment, of which 3 years and 6 months were suspended, and placed on 3 years probation. Following his release from the Maryland Department of Corrections, through his arrest in this case, DURAN was registered with the Maryland Sex Offender Registry.

DURAN is a regular user of a publicly available peer-to-peer (P2P) file sharing network, with the usernames Johnnyvengeance, Johnnyvenge, Johnnyvenge1, and SimpledudeDC. At all relevant times, DURAN was the sole user of ~~Johnnyvengeance,~~ Johnnyvenge, Johnnyvenge1, and SimpledudeDC. As detailed below, DURAN has been involved in the collecting and sharing of child pornography.

From at least December 19, 2011 through April 12, 2012, investigators observed DURAN logged on to the publicly available P2P file sharing program and sharing images and videos of child pornography. DURAN accessed the file sharing program in a variety of ways, including from the wireless internet connection at his relatives' residence at 1816 Spruce Peak Way, Frederick, Maryland 21702; from the unsecured wireless connections of his neighbors on West Boulevard in Hagerstown, Maryland (without their knowledge or consent); and from his T-Mobile wireless internet access account.

On December 19, 2011, a Special Agent from the Innocent Images Operations Unit of the FBI used a computer connected to the internet and launched the publicly available P2P file sharing program. While working in an undercover capacity, the Special Agent queried his network of "friends" and observed Johnnyvengeance was logged in. The Special Agent downloaded 100 images and 8 videos from Johnnyvengeance's shared files. A review of the files revealed that at least half of the images and videos contained visual depictions of minors engaging in sexually explicit conduct and are child pornography. In one image, the title of which is "Mb8430J002.jpg," a prepubescent male is performing oral sex on an adult male. During the download of the files, the Special Agent initiated the following private chat with Johnnyvengeance:

|                    |                    |
|--------------------|--------------------|
| SA:                | hi                 |
| SA:                | pass?              |
| Johnnyvengeance:   | hey hows it going  |
| SA:                | good   and you?    |

| | |
|---|---|
| Johnnyvengeance: | good just chillin-- my pass is thegoods9807 |
| Johnnyvengeance: | urs? |
| SA: | thanks ? |
| SA: | which one do you want.....boys or girls??? |
| Johnnyvengeance: | boys |
| SA: | ok....pw for vids is hotboiz_21 |
| Johnnyvengeance: | cool |
| Johnnyvengeance: | pics? |
| SA: | oh....sorry.....hotboizz i think |
| Johnnyvengeance: | cool |
| SA: | what age do u like ? |
| Johnnyvengeance: | i like boys 10ish and up --u? |
| SA: | similar |
| Johnnyvengeance: | cool where ya from |
| SA: | ireland |
| SA: | u? |
| Johnnyvengeance: | sweet im in the us |
| SA: | cool  never been there |
| Johnnyvengeance: | never been to ireland-- i will visit ireland b4 i die lol |
| SA: | haha |
| SA: | u have any kids?? |
| Johnnyvengeance: | lol yea im tired of this place i want to live in ireland or russia lol -- no dont have any kids im only 19 -u? |
| SA: | lol |
| SA: | no me either |
| SA: | i have one nephew though....he's 9 |
| Johnnyvengeance: | i know a guy here in dc that wants me to play with him and his kids but i only talked to him once |
| Johnnyvengeance: | sweet you and him play any? |
| SA: | not yet.....hoping too |
| Johnnyvengeance: | cool -- how old are you |
| SA: | thats cool  is he on [the P2P program] |
| SA: | im 34 |
| Johnnyvengeance: | cool i like older guys too -- i met him on guilty groups then friended him on yahoo but he hasnt responded |
| SA: | i havent been on guilty groups yet but was thinking about it |
| SA: | whats ur guilty groups name....if i get on can i invite u? |
| Johnnyvengeance: | lots of guys to talk to --- im johnnyvenge on GG |
| SA: | cool |
| SA: | u ever gotten lucky with a yng one?? i still havent yet |
| Johnnyvengeance: | i was usually the yng one-- but i had a 12yo bf when i was 15 we acually just broke up |
| SA: | sorry |

2

| Johnnyvengeance: | its ok he needed to get his life in order for college and i respect that |
| SA: | yeah |
| SA: | hey my computer is locking up....gotta try to reboot....brb |

On December 30, 2011, an investigator with the Maryland State Police used a computer connected to the internet and launched a publicly available P2P file sharing program. While working in an undercover capacity, the investigator queried his network of "friends" and observed that Johnnyvengeance was logged in. Johnnyvengeance was located at 1816 Spruce Peak Way, Frederick, Maryland 21702, and was sharing numerous images and videos of children engaging in sexually explicit conduct. While chatting with Johnnyvengeance, the investigator downloaded 328 images and 30 videos from Johnnyvengeance's shared files. A review of the files revealed that at least 65 images and 15 videos contained visual depictions of minors engaging in sexually explicit conduct and are child pornography. In one image, the title of which is "! ! ycs_.jpg," a prepubescent female is performing oral sex on a naked minor male.

On March 25, 2012, a Task Force Agent from the New Haven FBI used a computer connected to the internet and launched a publicly available P2P file sharing program. While working in an undercover capacity, the agent queried his network of "friends" and observed that the user SimpledudeDC was logged in. SimpledudeDC was located at 1816 Spruce Peak Way, Frederick, Maryland 21702, and was sharing numerous images and videos of children engaging in sexually explicit conduct. The agent downloaded 80 images from SimpledudeDC's shared files. A review of the files revealed that at least half of the images contained visual depictions of minors engaging in sexually explicit conduct and are child pornography. In one image, the title of which is "1 Carlos & John 2 Cute Gay Preteen Boys 11Yo 10Yo Brothers Naked Nude On Bed Pedo Young Child Sex Kdv Pjk(11).jpg," a minor male is performing oral sex on a prepubescent male. Immediately prior to the download of the files, the agent initiated the following private chat with SimpledudeDC:

| TFA: | what is your password... |
| SimpledudeDC: | i forgot give me a sec |
| SimpledudeDC: | 3482 |
| TFA: | cool |
| SimpledudeDC: | im unable to dl any of your files |
| TFA: | try now |
| SimpledudeDC: | that works thanks |

On April 2, 2012, the Task Force Agent from the New Haven FBI Division again used a computer connected to the Internet and launched a publicly available P2P file sharing program. While working in an undercover capacity, the agent queried his network of "friends" and observed that SimpledudeDC was logged in. The agent downloaded 10 images from SimpledudeDC's shared files. A review of the files revealed that at least 9 images contained visual depictions of minors engaging in sexually explicit conduct and are child pornography. In one image, the title of which is "!!!!!baby&dad0030.jpg," a naked adult appears to be sitting on

top of a prepubescent naked male. The adult male is using his hands to expose the prepubescent male's anus and penis to the camera.

On April 12, 2012, search warrants were executed at DURAN's residence (1 West Wilson Boulevard, Hagerstown, Maryland 21740) and the residence of his relatives (1816 Spruce Peak Way, Frederick, Maryland 21702), and the person of DURAN. DURAN was at the residence on Spruce Peak Way in Frederick prior to the execution of the search warrants. Seized during the search warrants was a Toshiba Satellite laptop computer (L455D-S5976, S/N : 99482444K), a Hitachi 250 GB laptop hard drive (Model: HTS543225L9SA00, S/N: 090911FB2F00YLJ14YUA), and a T-Mobile Cell Phone (S/N: HT05KPS02336, IMEI: 351810040092634).

After being searched, DURAN was advised of his rights per *Miranda*, and he voluntarily spoke to investigators and provided the following information:

- That he is a user of the P2P file sharing program;
- That he uses the P2P file sharing program to obtain and share images and videos of child pornography;
- That he has had three accounts on the P2P file sharing program: Johnnyvenge, Johnnyvenge1, and SimpledudeDC (DURAN initially denied having an account named Johnnyvengeance, but later said that he might have had an account in that name);
- That he owns a Toshiba laptop that is at 1816 Spruce Peak Way, Frederick, Maryland 21702;
- That the Toshiba laptop is password protected and that he is the only user of the laptop;
- That when he is at the Spruce Peak Way house, he uses the wifi connection at that location to access the internet and to use the P2P file sharing program; and
- That when he is not at his Spruce Peak Way house, including when he is at his home at 1 West Wilson Boulevard, Hagerstown, Maryland 21740, he uses his T-Mobile phone as a "hotspot" to access the internet and to use the P2P file sharing program.

A forensic examination of DURAN's Toshiba laptop computer found in the Spruce Peak Way house was conducted, and the results of that examination include the following:

- The laptop computer was password protected, and the password was DURAN's numerical birth date, in reverse order;
- The publicly available peer-to-peer file sharing program discussed above was installed on the computer, and the program had been used to download child pornography;

4

- ▸ A second publicly available P2P file sharing program was installed on the computer and had been used to download files and conduct searches using terms that are indicative of child pornography;
- ▸ A third publicly available P2P file sharing program was installed on the computer and had been used to conduct searches using terms that are indicative of child pornography;
- ▸ All of the images downloaded by the undercover agents were located on the computer, in a downloads folder associated with the publicly available P2P file sharing program;
- ▸ There were in excess of 13,000 picture files of suspected child pornography. These picture files contain images of pubescent and prepubescent males. The males are either being sexually abused by another individual or they are posing to expose their genitals. The following images were among those found:
    - Users\johnnyvenge\documents\[name of P2P file sharing program] downloads\we like\pics\boyman\1568_1-Copy.jpg: A pre-pubescent (toddler) nude boy laying on his back on what appears to be a bed, with two adult males exposing their penises through their shorts. It appears that the two adult males have ejaculated on to the prepubescent nude boy;
    - Users\johnnyvenge\documents\[name of P2P file sharing program] downloads\we like\pics\boyman\00000009.jpg: A prepubescent nude boy on his knees in front of a nude adult male. The prepubescent male is performing oral sex on the adult male;
    - Users\johnnyvenge\documents\[name of P2P file sharing program] downloads\we like\pics\boyman\fuckj.jpg: A pre-pubescent nude boy (toddler) laying on what appears to be a bed with his legs spread, being penetrated anally by an adult penis; and
    - Users\johnnyvenge\documents\[name of P2P file sharing program] downloads\we like\pics\boyman\047.jpg: A pre-pubescent nude boy laying on the legs of a nude adult male, facing the male exposing his genitals and holding the adult male penis.
- ▸ 1155 videos containing suspected child exploitation material were recovered. These video files consisted primarily of prepubescent and pubescent males being sexually abused;
    - 14 of the video files contained images of prepubescent males with their hands and feet bound. In some cases their genitalia are bound, too. In each video, the children were engaging in sex acts with minors and/or adults. An example is the following video:
        - Users\johnnyvenge\Documents\[Name of P2P file sharing program] Downloads\we like\vids\BoyRaped_af2.mpeg: The video shows a young male with his hands bound and bent over an object while an adult male has anal sex with him.
    - 4 of the video files contained images of infant children being sexually abused. An example is the following video:

5

- Users\johnnyvenge\Documents\\[Name of P2P file sharing program] Downloads\we like\vids\!!NEW!! Baby Tod-(Raped).avi: This video is approximately one minute fifty-nine seconds in length. The video shows an adult male removing the diaper off of an small boy. Once the diaper is removed the adult male proceeds to put his finger and penis in the infant's anus.
- The program "SKYPE" was installed on the computer, and logged chats for SimpleDudeDC in March 2012 reveal that the user chatted with multiple individuals, and that in some of chats, the users shared pictures or videos of child pornography; and
- The internet history was reviewed and revealed search terms indicative of child pornography, as well as access to files that were child pornography;

The images on DURAN's laptop revealed numerous images and videos, including far greater than 600 files that are visual depictions of minors engaged in sexually explicit conduct.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

9/5/12
Date

Johnny Daniel Duran

6